## Duff v. Ivy.

1. In a bill of sale of a negro, the words " I warrant and defend," create a warranty of soundness as well as of title.
2. Where a written instrument has, by the application of a proper rule of legal construction, a definite and particular meaning, parol evidence is inadmissible to vary or add to it.
3. A vendor of a slave said to the vendee, "if you will prove that the slave was unsound at the time of the sale, I will return the purchase money." Can an action be maintained on such a promise? *Quere.*

Assumpsit in Tuscaloosa Circuit Court by A. Duff against T. Ivy, to recover damages for a breach of warranty in the sale of a negro. At September term 1828, the cause was tried. To prove that the defendant warranted the negro to be sound, the plaintiff offered in evidence a receipt in the following words.

"Received of Abraham Duff three hundred and fifty dollars in full payment for a negro named Charity, which I warrant and defend unto the said Duff."

"THOMAS IVY."

"Teste William Cavert."

And then offered parol evidence in explanation of the instrument, to prove that it was the intention of the parties, at the time of making the said contract, that the defendant should warrant the soundness of the property, and that the instrument was written by the defendant himself. He further offered to prove by parol, that the defendant did warrant the soundness at the time of the sale. The

Court rejected this evidence, and decided that the writing contained no evidence of a warranty of soundness, but only of title, and that parol evidence could not be received to explain it, nor to establish a warranty of soundness. The plaintiff further offered to prove that after the making of the contract, and before the commencement of the action, the defendant said to the plaintiff, that if he could prove the negro was diseased and unsound at the time of the sale, that he would return him the purchase money; and offered proof that she was unsound at the time of the sale, and died of the disease before the suit was brought. This evidence the Court also rejected as improper and insufficient to support the action. The jury found for the defendant, the plaintiff excepted, and now here assigns these several decisions for error.

STEWART, for the plaintiff in error. It is readily admitted that a deed cannot be contradicted by parol evidence, and that as a general rule, when any writing proves a fact clearly, parol evidence is not admissible to contradict it. This instrument however is no deed, it is only of the grade of parol evidence, it is a mere receipt, and the evidence offered did not in any manner contradict it; on the contrary, it was in affirmance of it, and was only for the purpose of giving application to the word "warrant," and of shewing which was of the several meanings it is susceptible of, the one intended by the parties. For this purpose it was competent evidence.[a] If the word had but one meaning, or its application was made perfectly clear by the instrument, the case would be different, for it would of itself exclude any other meaning or construction. But it has several meanings and can be differently applied, and a resort to parol evidence is the only method of arriving at the certainty and truth which the law is anxious to ascertain, so as to carry into effect what was truly the intention of the parties; for certainly this is more desirable than to defeat it upon legal constructions and technicalities. A receipt is an exception to the general rule, and may be explained and even contradicted by parol evidence.[b] A party should never be permitted to take advantage of his own wrong; here the vendor in fact warranted the soundness, but omitted to state it in the receipt. To exclude this evidence is to carry the doctrine too far. The rule under which Courts exclude parol proof when there is written evidence,

*Margin notes:*

JULY 1830.

[a] 1 Peters R. 92. 3 Starkie Ev. 1660. 5 Coke 68. 2 P. Wm. 140.

[b] 2 T. R. 336, Esp. N. P. 775. 2 John. R. 378. 3 John. 319. 5 John. 68. 8 John 389. 9 John. 310. 1 John. cases 145.

JULY 1830.

Duff
v.
Ivy.

was adopted to prevent the suppression of the truth, and certainly where the writing is clear, positive and absolute, it is undoubtedly the best evidence, it establishes the fact in a manner to be relied on.  But where the writing fails to do this with precision, where the meaning is doubtful, unless proof is received to give the meaning, the supposed or presumed meaning is received in preference to proof of the actual fact.  It is a rule, that all presumptions should yield when proof of the fact is offered. *c* The rule should not be carried so far as to receive a bare presumption, growing out of legal construction, in preference to the fact itself, though there are some authorities which indeed go that far, but they pervert the rule. ·

*c* 3 Starkies
Ev. 1235.

But if construction is to be relied on, what is the proper rule?  A well established rule of interpretation is, that no part of a written instrument is to be considered useless, but effect is to be given to each word, if possible. Now if it be contended that the word "warrant" related to the title of the slave, why was the word "defend" put there, which means the same thing?  The word defend secures a warranty of title; the word warrant may relate to either title or soundness; then as a warranty of title is provided for by the word defend, the proper construction under the rule must be, that the word warrant was not used to effect that object, but that it was used to secure a warranty of soundness; that being one of the subjects to which it may be applied; and in this way, effect will be given to each word.

Another question arises under this bill of exceptions. An express and independent promise to pay was made by the defendant on a certain condition, after the contract was made.  The condition was that he would prove the unsoundness.  Now here was an express promise, and the declaration contains common counts to which it is applicable.  Is such a promise not binding, and was there not a sufficient consideration to support it?  Ivy had received money of Duff, and had given him for it property of no value.  There existed a moral obligation to refund that money, and under the sense of that moral obligation he promises to pay.  Such a promise of itself, on the consideration of morality and conscience, and independently of the contract, is recognised by the law as binding, and may be enforced. *d*  Duff offered at the trial proof of the fact of the unsoundness, and that made the promise complete.  As no particular mode of proof of that fact was

*d* Chitty on
Contracts 7,
8, 9, 10, 11.
Comyn on
Assumpsit
33, 25, 11, 13.
18 John. R.
337.  2 Hay.
221.  Esp. N.
P. 95, 96, 98.
Bull. N. P.
147. 1 Cowp.
290. 2 Cowp.
544.  2 Stra.
690.

acquired by the promise, proof on the trial was sufficient, and the only mode known to the law in which he could make the fact manifest, and comply with the condition imposed by the promise.

ELLIS, argued for the appellee, and relied on the following authorities: 3 Starkies Evidence 1660; 2 Blackstone 451; 2 Bibb R.; 3 Bibb 25; 2 Marsh R. 217; 2 Cowper; 2 East.; 7 East. 274; 12 Wheaton; 2 Haywood; 7 Johnson 88; 1 North Carolina Law Repository 263.

STEWART, argued in conclusion.

By JUDGE CRENSHAW. Three important questions naturally arise in the consideration of this case. 1st: Does the warranty contained in the bill of sale extend to the soundness as well as title of the negro Charity. 2nd: If it extends to the title only, was parol evidence admissible to prove that the parties intended also to warrant the soundness. 3rd: Could the purchase money paid for her be recovered back under the common count for money had and received. In examining the subject I shall commence with the first proposition, the affirmative of which I hold to be true.

In ancient times the words "I warrant and defend" had a peculiar application to the title of lands; because in those times, when personal property was of very inconsiderable value, few indeed were the conveyances or written instruments except in relation to lands. In relation to lands, a general warranty has an appropriate application to the title, because the law does not raise an implied warranty of title on the sale of lands, and because there is nothing necessary to be warranted except the title. But in the sale of personal property, the law implies a warranty of title, though in general not of the quality or soundness. Hence it is a fair and legal deduction, to infer that the parties intended to warrant the soundness of the property as to which the law did not raise an implied warranty. Unless the language of the bill of sale would authorize the supposition, we ought not to suppose that the parties by the warranty intended it to apply merely to the title; this would be a nugatory and unnecessary act. Were presumptions necessary, it would be more rational to presume that the parties intended to do that which was necessary to be done, and that they meant to warrant the

soundness as well as the title. From the generality of the expression "I warrant and defend" contained in the bill of sale, I think it apparent beyond a doubt that the warranty extends to the quality of the property sold, and applies with equal force to the soundness as well as the title. Hence it follows that the Court erred in instructing the jury that the warranty referred to the title only, and also in rejecting the evidence of unsoundness at the time of the sale, which would clearly establish a breach of warranty.

As to the the 2nd proposition, assuming the fact that the true sense and meaning of the bill of sale is to limit the warranty to the title, I think it evident that parol proof was inadmissible to shew that the parties intended also to warrant the soundness. An express warranty of the title alone, legally and necessarily excludes the idea of all other warranties. *Expressio unius est exclusio alterius*, is a rule of interpretation too well settled to be now shaken. It is also an unquestionable rule of evidence, that parol testimony is inadmissible to establish other conditions and obligations than those expressed in the written agreement. A written contract cannot be altered or varied, nor new terms added by parol proof. There was no error then in the Circuit Court in rejecting such parol proof.

As to the last proposition, I think the Court did not err in rejecting the evidence which was offered to prove that after the sale the defendant said he would return to the plaintiff the price he had paid for the negro, if he could prove her to be unsound at the time of the sale. This evidence was clearly inadmissable under the count on the warranty, and it was equally so under the count for money had and received. This, if any thing, amounted to a new contract, and to enable the plaintiff to recover on it, required a special count.

*a* 7 East 274.     The case of *Payne v. Whale,* [a] bears a strong analogy to the present one. In that case it was held, that a subsequent agreement to return the purchase money if in fact the property was unsound, was inadmissible testimony in an action to recover back the purchase money. So in the *b* 12 Wheaton case of *Thornton v. Wynn,* [b] it was determined by the 193. Supreme Court of the United States, that a vendee cannot maintain an action for money had and received, unless the contract of sale has been rescinded by an offer to return the property sold, or by an unconditional assent on

the part of the vendor to take back the property and to return the purchase money, or by the vendee's tendering back the property within a reasonable time, where the vendor knew of the unsoundness at the time of the sale. In all other cases the Court plainly intimate that the vendee, if entitled to redress, against the vendor must resort to his warranty. But in this last opinion a majority of the Court does not concur.

JULY 1830.

Duff
v.
Ivy.

On the ground alone therefore that the warranty in the present case refers as well to the soundness as to the title of the property sold; and that evidence of unsoundness at the time of sale was admissible. I am for reversing the judgment and remanding the cause, and of the same opinion are the whole Court.

JUDGE TAYLOR, expressed his belief that the plaintiff might recover on the special promise to return the purchase money, and he felt a difficulty in this respect on one point only, and that was as to what was the proper mode of proceeding, whether the proof of unsoundness to comply with the condition of the promise should be made before the suit was brought, or whether it could be made on the trial; that no special count on such a promise could be conveniently drawn, and if proof on the trial was sufficient, then the common count was proper; but as to this he had not fully satisfied himself. He concurred in the reversal on the first point.

Reversed and remanded.

JUDGE COLLIER having been concerned as counsel in the Circuit Court, and JUDGE WHITE having presided in the Court below, did not sit.