## ADAMS v. GARRETT, ET AL.

1. Where a condition is annexed to a bill of sale, it is not competent to show by parol evidence, that another and different condition was agreed to by the parties.

Writ of Error to the Circuit Court of Cherokee.

DETINUE by Adams, against William and Mary Garrett, to recover a certain slave.

At the trial, the plaintiff proved the possession and property in the slave to have been in him previous to February, 1841, and that since that time, it had been in the possession of the defendants, as well as the value of the slave, and that his yearly services were worth $100. The defendants then gave in evidence a bill of sale, executed by the plaintiff, with two other persons, to William Garrett for the said slave, dated 12th June, 1841. To this bill of sale is a condition, that if either of the grantors should pay the said Garrett $380, (the price mentioned in the preceding part of the instrument as paid to them,) at any time thereafter, then the said Garrett should return the said slave to them, or either of them, or pay the sum of $1200 if he failed to do so.

This is executed by the grantors, but is not executed by Garrett.

The plaintiff then offered to prove this bill of sale was executed to secure the defendants in a contract for the loan of $380, on which the plaintiff was to pay twenty per cent. per annum, and the defendants were to pay $100 per year hire for the slave; also that in 1843, the plaintiff had tendered the defendants $115. The defendants objected to this proof as varying the written contract, and on this ground the court excluded it.

The plaintiff excepted, and now assigns this ruling as error.

Lewis E. Parsons, for plaintiff in error, insisted—

1. The written instrument offered in evidence, is a mortgage on its face; but even if it were an absolute conveyance, it could be shown by parol that it was intended to operate as such. [Hudson v. Isbell, 5 S. & P. 67; Derhozo v. Louis, Ib. 91; see also Kennedy v. Kennedy, and cases cited; English v. Lane, 1 P. 328.]

2. If this were an absolute conveyance on its face, and a bill were filed charging the facts here relied on, would not a chancellor direct an account to be taken of the value of the services of the boy, and after allowing the mortgagee legal interest, require of the mortgagor only such balance as might appear to be due?

3. If the parties have themselves stipulated the value of

Adams v. Garrett, et al.

the negro's services, proof of this fact cannot be said to vary the written agreement, because that is silent upon this head. Where no consideration is expressed, it is admissible to prove what it was. [5 S. & P. 410; Brown v. Isbell, 11 Ala. R. 1010, and cases cited; see also Murchie v. Cook & McNab, 1 Ala. R. 41.]

4. This evidence is certainly admissible to show that there was a fraud in omitting to insert the whole agreement. [Pysant v. Ware, et al. 1 Ala. 161; Beard v. White, Ib. 436.] This is proper at *law*. But the court rejected it as incompetent for any purpose, because it tended to vary the written instrument. *Fraud is a question of fact, and the evidence should have gone to the jury, that they might determine it.*

A. J. WALKER, for the defendants in error, contended—

1. The amount to be tendered cannot be diminished by a counter claim against the party to whom the tender is made, or in other words, the requisite amount must be tendered in *money*, and not a part in money and a part in a counter claim. [2 Phil. Ev. 133, 134; Brady v. Jones, 16 English Com. Law R. 87; Dewey v. Bellows, 9 N. H. 282; Cary v. Bancroft, 14 Pickering, 315.]

2. The written contract is a conveyance to Wm. H. Garrett, with a right to plaintiff to demand a restoration of the negro upon payment of $318. The contemporaneous agreement that Garrett should pay $100 per annum hire, and that plaintiff should pay 20 per cent. per annum interest on the $318, is in conflict with the written contract of the parties, and is an attempt to vary a written instrument by a verbal arrangement made at the time of its execution, or to change its legal effect. [Holt v. Moore, 5 A. R. 521; Standifer v. White, 9 A. R. 527; Hair, et al. v. La Brouse, 10 A. R. 550; Paysant v. Ware & Barringer, et al. 1 A. R. 160.]

GOLDTHWAITE, J.—It is not material now to inquire whether the condition attached to the bill of sale makes the transaction a mortgage, because it seems to us the same answer must be given to the question raised on the record, whether it is so considered or regarded as a conditional sale, with the reservation of the right to restitution, upon the re-

turn of the purchase money. Conceding the title to the slave would be revested by the tender of the specified sum, according to what is said in Sewall v. Henry, 9 Ala. Rep. 24, it by no means follows that such is the effect when the debt is equitably discharged by the reasonable hire of the slave. We do not understand, however, that this view was pressed at the trial, but then the plaintiff insisted on the right to show that the real contract was, that a specific hire should be allowed for, until the debt was extinguished or the money returned. If this does not fall within the rule prohibiting the modification of written contracts by parol evidence, it seems to us quite difficult to suppose a case for its operation. There is no pretence to say that it is the affixing a condition to an absolute conveyance, because the written instrument already has a condition, and if another can be added by parol, there must be an end of all certainty. In conformity with this view of the law, it has been held, where a mortgage was conditioned for the payment of money, parol evidence is inadmissible, that it was given to indemnify the mortgagee as special bail for the mortgagor, and that no damage had been sustained. [Jackson v. Jackson, 5 Cowen, 173.] So, where the mortgage was conditioned for the payment of $50, parol evidence was not allowed to show it was intended to indemnify the mortgagee for becoming surety for a note of $25. [12 Wend. 61. To a similar effect is Brooks v. Maltbie, 4 S. & P. 96.] These citations (and many others we doubt not might be added) are quite sufficient to show that parol evidence was inadmissible to show a different condition from that recited in the bill of sale. It is unnecessary to consider how far a fraudulent imposition of a condition in the bill of sale, from that intended by the parties, would affect the instrument in a suit at law, as the proof had no tendency to raise that question.

Judgment affirmed.