## BUSH v. BRADFORD, USE, &c.

1. An instrument which acknowledges the payment of the consideration for certain personal property therein described, though in form a receipt, is in effect a bill of sale.

2. If a bill of sale of blooded stock contains no warranty, express or implied, beyond that of title, parol evidence is inadmissible to add to it a simultaneous verbal warranty as to age and soundness.

3. An error that works no injury to the party complaining of it, is not a ground of reversal in an appellate court.

4. Where testimony is introduced by a defendant, tending to prove false representations by the plaintiff, in a sale of blooded stock, as to age and soundness, it is competent for the plaintiff to repel the presumption of

fraud, to show that he informed the defendant, after the sale, of an error in his representations, and offered to take back the property, which offer the defendant rejected.

Error to the Circuit Court of Benton.    Before the Hon. S. C. Posey.

THIS was an action of assumpsit on a promissory note instituted by defendant against the plaintiff.  Issues were formed on the pleas of non-assumpsit, want of consideration, failure of consideration, fraud, and set off.  The defendant introduced the following instrument in evidence :

" The State of Alabama, Benton county—Received of Daniel Bush, twenty-two hundred dollars, for the following described blooded stock, viz :  No. 1. Miss Lumpkin, bay mare, sired by old Bertrand, her dam by Koskiusko, with suckling by her side, mare colt, Mary Cochran, foaled last spring, sired by Gray Gander.  No. 2. Eliza Gray, (gray filly,) by Editor, and he by old Timoleon, Eliza's dam by Napoleon 2d, &c.  No. 3. Gray mare, Express, by old Sir Richard, now in foal by Gray Gander ; above named mare Miss Lumpkin also in foal by Gray Gander.  Given under my hand, &c., Nov. 3d. 1841.        JACOB T. BRADFORD,

Witness, John Spencer.      by his agent Thos. M. Likens."
Proved that the above mentioned blooded stock was the consideration of the note sued on, and that a parol warranty of the ages of soundness of the animals, was made at the time of its execution, which had in some particular been broken. To rebut the evidence of a simultaneous parol warranty, the plaintiff offered evidence which was objected to, and the court overruled the objection.

Several other questions arose as to the admissibility of testimony, all of which, with the facts upon which they were fuonded, are sufficiently noticed in the opinion of the court for a full understanding of them.

The several rulings of the court adverse to the plaintiff in error, were excepted to by him, and are now assigned as error.

J. B. MARTIN, for plaintiff in error.

1. The offer of Likens to the plaintiff in error, after the completion of the trade, to take back the mare, Eliza Gray, at the price paid for her by the plaintiff in error, and pay him in the property received from him, should, in the absence of proof that he was authorized by Bradford to make such rescission, have been rejected as illegal, and calculated to mislead the jury. 1 Phil. Ev. 99, 100; Ib. & Cowan's notes, 180, note 182; Greenl. Ev. 125, 134; Strawbridge v. Spann, 8 Ala. 824; 1 Story's Ag. 124, 129; Scarborough v. Reynolds, 12 Ala. 252; Bradford, use, &c. v. Bush, 10 Ib. 386.

2. When the representations of a vendor amount to a warranty, it is immaterial whether he believes them to be true, at the time he makes them, and hence the testimony of the agent, Likens, on this subject, was irrelevant and well calculated to mislead the jury.

3. Whether the representations of a vendor were intended by him, and received by the purchaser as a warranty, are to be determined by the jury, from the facts and circumstances. The vendor, nor his agent, are allowed to say what the intention was, or in what sense they are received. Ricks v. Dillahunty, 8 Por. 138-9; Duffee v. Mason, 8 Cow. 26; 19 Johns. Rep. 290; 20 Cow. 438; 2 Johns. 203; Cook v. Mosely, 13 Wend. 278; Whitney v. Sutton, 10 Ib. 412; Sto. on Sales, § 354; 4 How. Miss. 59.

The instrument executed by Likens, as the agent of Bradford, to Bush, is a mere receipt, which is neither varied, explained, or changed, by proving representations made by Likens, which amounted to a warranty, and especially where the defence is for fraud or deceit. Cozens v. Whitaker, 3 S. & P. 322; Garrow v. Carpenter & Hanrick, 1 Por. 358.

Though a vendor may refuse to give a warranty in terms, he is still liable for fraud and deceit. Burnet v. Stanton & Pollard, 2 Ala. R. 181; Houston v. Burney, 2 Smede & Mar. 583.

Rice and Morgan, for defendant in error.

1. There is no rule of evidence to be laid down in this court, but a reasonable one, such as the nature of the thing that is to be proved, will admit of. Tamlyn's L. of Ev. 97-8; 51 Law Lib. 76-7.

2. Where words are used, the meaning of which is not fixed by law or otherwise, and it becomes material to show the intention with which they were used, (whether as a warranty or mere matter of opinion,) it is competent for the agent who used the words, to state his intention in the use of such words, especially on a cross-examination by the seller, where the agent is offered by the buyer, to prove that there was a warranty, or fraud, in the sale. Whether the words used by the agent depended on the intention with which they were used and received. Barnett v. Stanton et al. 2 Ala. 181; Bradford v. Bush, 10 Ib. 386; 3 Stark. Ev. 1660-1, and note 1, quoting the decision from 7 Serg. & R. 482; Head v. Shaver, 9 Ala. 791.

3. Where objection is made to certain testimony, if a portion is admissible, the court may rightfully overrule the objection in toto, as the court is not bound to distinguish between the legal and illegal evidence.

4. The conversation between the plaintiff in error and Likens, some days after the sale, was clearly admissible. It was the admissions or declarations of the plaintiff in error, about the property in dispute, and it tended directly to destroy the force of the evidence of Yoe, a witness of plaintiff in error.

5. General objections to testimony, without stating any ground of objection, may be disregarded and overruled by the primary court, and this court will not revise such decisions. Donnell v. Jones, 13 Ala. Rep. 490; Milton v. Roland, 11 Ib. 732.

COLLIER, C. J.—The contract between the plaintiff, by his agent, and the defendant, is evidenced by a writing. It merely acknowledges the receipt of a definite sum for blood stock, describing them by their names and pedigrees; and according to its legal effect, is a transfer of the stock by the plaintiff to the defendant, for the consideration expressed. There can be no doubt that the writing does not contain a warranty, either express or otherwise, of the ages or soundness of the stock, and it is therefore material to consider, whether it is allowable to show by extrinsic proof, that there was such a warranty.

It has been repeatedly held, that where a bill of sale of a slave contained a warranty of title, that the vendee could not alledge and prove a verbal warranty of soundness, made at the same time. Wren v. Wardlaw, Minor's Rep. 363; Duff v. Ivey, 3 Stew. Rep. 140; Pender v. Fobes, 1 Dev. & Bat. 250; Read v. Duncan, 2 McC. Rep. 167; Hitchcock v. Harris, 1 Mill. Rep. (Lou.) 311. So where a bill of sale of a ship covenanted to defend the title, it was decided, that the vendee could not set up a parol warranty, simultaneously made, that the ship was copper fastened. Mumford v. McPherson, 1 Johns. R. 414. If the bill of sale imports no warranty, or any other contract beyond the mere conveyance of title, it is not permissible to add to it an additional stipulation by parol; for it must be presumed that the writing is complete, and fully discloses the contract of the parties. Van Ostrand v. Reed, 1 Wend. Rep. 424; Dean v. Mason, 4 Conn. R. 428; Reed v. Wood, 9 Verm. Rep. 285; Bayard v. Malcolm, 1 Johns. Rep. 467, by Kent, C. J.; O'Hara v. Hall, 4 Dall. Rep. 340. See further, Sommerville v. Stephenson, 3 Stew. Rep. 271; Paysant & Ware v. Barringer, et al. 1 Ala. Rep. 160; The Montgomery R. R. Co. v. Hurst, 9 Ala. Rep. 513; Hair v. La Brouse, 10 Ala. Rep. 548; Brown v. Isbell, 11 Ala. Rep. 1009; Adams v. Garrett et al. 12 Ala. Rep. 229; Gordon v. Phillips, 13 Ala. Rep. 565; Austin v. Sawyer, 9 Cow. Rep. 39; Brigham v. Rogers, 17 Mass. Rep. 371; Hamilton v. Wagner, 2 Marsh. Rep. (Ky.) 331; Atherton v. Brown, 14 Mass. Rep. 152; Creery v. Holly, 14 Wend. Rep. 30; Thompson v. Ketcham, 8 Johns. R. 189; La Farge v. Richert, 5 Wend. Rep. 187; Simpson v. Henderson, 1 Mood. & Malk. Rep. 300; Ely v. Adams, 19 Johns. Rep. 313; Wright v. Weakly, 2 Watts' Rep. 89; Hunt v. Adams, 6 Mass. Rep. 519; McCulloch v. Girard, 4 Wash. C. C. Rep. 292; Commissioners v. McCalmont, 3 Penna. Rep. 122; Sharp v. Sipsey, 2 Bail. Rep. 113; Shepherd v. Temple, 3 N. Hamp. Rep. 455; Reab v. McAllister, 8 Wend. Rep. 116; Gerrish v. Washburn, 9 Pick. R. 338; Hall v. Maccubin, 6 Gill and Johns. Rep. 107; McCreary v. McCreary, 5 G. & Johns. Rep. 147.

The writing in the present case is not a mere receipt for

Vol. 15—41

the price of the stock.  True it acknowledges that the ven-
dor has received the price, but it also purports to pass to the
vendee the title, in consideration of the sum paid.  In point
of law, it is a bill of sale, and must so operate.  There is no-
thing to indicate that it does not fully express the contract of
the parties.  We have seen that it does not contain a war-
ranty in terms, and if any can be implied from it, it is that
the stock are of the pedigree described; and in this particu-
lar it is not insisted that there has been a breach.  As it re-
spects their soundness and ages, there is no affirmation upon
the face of the writing, and several of the citations we have
made explicitly determine, that it cannot be interpolated by
proof of such a simultaneous verbal stipulation.

The warranty then being placed out of view, or rather its
existence excluded by the form of the bill of sale, the evi-
dence tending to disprove it, could not prejudice the defence;
for whether the extrinsic proof showed facts which in the ab-
sence of a written bill of sale, would establish a warranty,
was wholly immaterial—the silence of the bill of sale in this
particular, would prevent the defendant from insisting upon
it.  This being the case, it is clear that the countervailing
evidence being addressed to a defence which the defendant
could not successfully assert, he has sustained no injury by
its admission, and cannot avail himself of a mere abstract
error, if indeed it be one.  Strawbridge v. Spann, 8 Ala. R.
820.

The answer to the first interrogatory in the deposition of
Likens, was admissible for the plaintiff, if for no other reason,
because it tended to impair the weight of Yoe's testimony,
and perhaps in the opinion of the jury would have entirely
destroyed its effect.  Yoe, it is affirmed, saw the stock two
or three days after the defendant's purchase, and proves, that
from their appearance at that time, they were incurably un-
sound when he bought them; he also speaks of the age of
one of them, and states the difference in value which would
be made by a difference in age.  Now Likens states, that a
few days after the sale, he informed the defendant that he
had understood, the mare, "Eliza Gray," was older than she
was represented, and if he (defendant) was dissatisfied, wit-
ness would take her back, and allow him the price at which

she was estimated in the contract; witness also offered to take back the colt, "Mary Cochran," on the same terms, but defendant refused both these propositions, remarking that he would not take for Eliza Gray one thousand dollars. This testimony tended to show the absence of fraud in misrepresenting the age of Eliza Gray, and that for the error of judgment, the defendant waived all claim to compensation; and for these reasons, if no other, it was properly received. It was for the jury, if material, to inquire whether the conversation between Likens and defendant occurred previous to the discovery by the latter, that some of the stock were diseased, or Yoe was called on to administer medicine to them.

It was relied on as a defence to the payment of the note, that the vendor, or his agent, had practised a fraud upon the defendant. To repel this defence, the *quo animo*, the agent made representations in respect to the ages, &c. of the stock, was a material inquiry. It was therefore clearly competent for him to show that he acted in good faith, and the statements he made at the time of the sale were opinions honestly entertained by him.

Having determined that the bill of sale does not contain a warranty, and that it is not allowable to superadd such a term by extrinsic proof, we need not inquire whether a party who makes a sale of personal property, can be permitted to show, that the representations of his agent were not intended as a warranty, but as matter of belief or opinion. However this may be, we have seen that defendant could not have been prejudiced.

If there was neither a warranty or fraud, the pleas of a want and failure of consideration, could not be supported. Ricks, adm'r, v. Dillahunty, 8 Port. Rep. 134. It follows from what has been said, that there is no error in the ruling of the circuit court; and the judgment is therefore affirmed.