(84 South. 548)

## LITTLE–CLECKLER CONST. CO. et al. v. L. SONNEBORNS SONS, Inc.
(7 Div. 573.)

(Court of Appeals of Alabama. Oct. 28, 1919.)

1. SALES ⬤⇒270 — NO IMPLIED WARRANTY WHERE BUYER TESTS GOODS.

Where the buyer was permitted to make a test of a portion of the goods first shipped to determine its suitability, there is no implied warranty by the seller of suitability for the purpose for which he knew the goods were to be used.

2. SALES ⬤⇒267 — NO IMPLIED WARRANTY WHERE THERE IS EXPRESS WARRANTY.

Where there was an express warranty as to the goods sold, there can be no implied warranty of suitability for purpose.

3. SALES ⬤⇒446(2) — CHARGES ON IMPLIED WARRANTY, OMITTING REFERENCE TO BUYER'S TEST, PROPERLY REFUSED.

Defendant's requested charges, denying recovery if breach of an implied warranty of suitability was found, were properly refused, because ignoring issue raised by plaintiff's evidence that it furnished defendant an opportunity to test the goods and determine their suitability.

4. SALES ⬤⇒446(2)—CHARGE ALLOWING RECOVERY IF NO EXPRESS WARRANTY WAS FOUND HELD PROPER.

In a suit for the price of goods sold, where plaintiff's theory was that they were sold after buyer's opportunity to test while defendant claimed an express warranty, it was not error to charge the jury to find for plaintiff if they found that there was no express warranty.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Assumpsit by the L. Sonneborns Sons, Incorporated, against the Little-Cleckler Construction Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts and the contention of the parties sufficiently appear from the opinion of the court.

The charge given for the plaintiff is as follows:

Unless you are reasonably satisfied from the evidence that there was an express warranty as to the second and third shipments of lapidolith from plaintiff to defendant, as claimed by

---

the defendant, and that said lapidolith was not as warranted by plaintiff, then your verdict should·be in favor of the plaintiff for the price agreed upon for said second and third shipments.

The following charges were refused to the defendant:

(1) If you believe from the evidence that the lapidolith purchased by the Little-Cleckler Construction Company from the plaintiff was applied, according to the directions, to the floors of the courthouse at Wake county. N. C., and proved to be without value, the plaintiff cannot recover of the defendant, and if you find from the evidence that it was without value, and that the Little-Cleckler Construction Company incurred expense in applying this lapidolith, then the Little-Cleckler Construction Company would be entitled to recover judgment against the plaintiff for such reasonable and necessary expenses as were incurred in applying lapidolith to said floors.

(2) When a manufacturer sells goods· for a particular purpose, he impliedly warrants that it is suitable for the purpose.

(3) When goods are sold for a particular purpose, the seller impliedly warrants that the goods are suitable for that purpose.

(4) If you believe from the evidence that the lapidolith purchased by the defendant was used according to directions of the seller, and did not prove of any value to the floors to which it was applied, and if you further believe from the evidence that the defendant Little-Cleckler Construction Company incurred an expense of $128.80 in applying this lapidolith, then the defendant would be entitled to recover a judgment against the plaintiff for that sum.

Charles F. Douglass, of Anniston, for appellant.

The court erred in giving the charge requested by the plaintiff and in refusing the charges requested by the defendant. 83 Ala. 342, 3 South. 680; 114 Ala. 84, 21 South. 479, 62 Am. St. Rep. 88; 69 Ala. 114; 74 Ala. 90; Wilson on Sales, 313. An implied warranty is not waived by a test. 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86; 136 App. Div. 22, 120 N. Y. Supp. 163; 83 Ga. 684, 10 S. E. 360, 6 L. R. A. 374, 20 Am. St. Rep. 329; (D. C.) 141 Fed. 215.

Blackwell, Agee & Bibb, of Anniston, for appellee.

Where there is an express warranty, the doctrine of implied warranty is without application. 69 Ala. 111; 114 Ala. 74, 21 South. 479, 62 Am. St. Rep. 88; Benjamin on Sales, 485; 15 A. & E. Ency. Law, 1232.

The contract of parties may be rescinded or modified. 14 Ala. App. 501, 71 South. 70.

BROWN, P. J.  The account, the basis of this action, is alleged to have been contracted in the purchase of a quantity of lapidolith. There is no controversy as to the quantity of this material furnished by the plaintiff to the defendants on their order, nor as to the price thereof.

The defendant's contention, as developed by the evidence offered on the trial, was that this material was purchased by them for the purpose of treating certain concrete floors, and that it was so purchased under an express warranty by the plaintiff that, if used and applied in accordance with instructions furnished by the plaintiff, it would result in hardening the floors and rendering them "wear proof" and free from dust accumulating from such wear; that the material or composition was so used and without benefit, and was therefore worthless to them, and they were damaged thereby to the extent of the expense incurred in applying the same to said floors.

The plaintiff's contention, on the other hand, was that this material was sold without such express warranty, but that they forwarded a quantity of the material to the defendant for the purpose of conducting a test, and with the understanding that, if the material so furnished for said test proved to be unsatisfactory, the defendant was not to be liable for the quantity used out of this first shipment in making the test, but if it proved satisfactory other material would be shipped on the defendant's order to meet its wants; that after said test was made the defendant expressed its satisfaction as to the result, and ordered more of the material to complete the job.

The court, in submitting the case to the jury, had the right to assume that one or the other of these contentions represented the true facts of the transaction, and to submit to the jury the issues as developed by the evidence.

[1] If the plaintiff's theory of the case is correct, there is no room for the application of the doctrine of implied warranty. It is a general ′rule that, notwithstanding goods are sold for a particular use, if the buyer himself understands what he wants and has full opportunity to acquire a knowledge of the facts necessary for him to form a correct estimate, and select such goods as he deems adapted to the intended use, or selects the goods after making a test of their fitness for the purpose, there is no implied warranty that the goods are adapted to such use. Moore v. Barber Asphalt Co., 118 Ala. 563, 23 South. 798; McCaa v. Elam Drug Co., 114 Ala. 74, 21 South. 479, 62 Am. St. Rep. 88; 24 R. C. L. p..190, § 461; also page 192, § 463.

[2] On the other hand, if there was an express warranty, as contended by the defendant, this excludes the idea of implied warranty. Moore v. Barber Asphalt Co., supra; 24 R.·C. L. p. 192, § 463, and authorities there cited; Wren and Glover v. Wardlaw, Minor, 363, 12 Am. Dec. 60; Duff v. Ivy, 3 Stew. 140; Barnes v. Blair, 16 Ala. 71.

[3] Charges 1, 2, 3, and 4, refused to the defendant, ignored the issues presented by the plaintiff's evidence that the lapidolith was purchased after the defendant had conducted a test to determine its fitness, and were properly refused. Moore v. Barber Asphalt Co., supra.

[4] And in view of the evidence the charge given at the plaintiff's request was free from error.

Affirmed.