## DAVIS *vs.* LASSITER.

20 561
106 423
——
20 561
114 63

1. A mortgagee who is in possession of the mortgaged property before the law day under the mortgage, is bound to account to the mortgagor for the rents and profits, unless there is a stipulation to the contrary in the mortgage.
2. And parol evidence cannot be received, to show that by the terms of the contract he was to have the possession of the property without accounting for the rents and profits.

ERROR to the Circuit Court of Barbour.
Tried before the Hon. John D. Phelan.

This was an action of assumpsit, brought to recover for work and labor done by the plaintiff's slave. It appeared upon the trial, that the plaintiff had purchased the slave, and to secure the purchase money the defendant had become her security, and to indemnify him, the plaintiff executed a mortgage conveying the slave to the defendant, in which it was stipulated that the defendant should have the possession of the slave until the plaintiff paid the purchase money; and should the plaintiff fail to pay it at maturity, the defendant was thereby empowered to sell the slave, and from the proceeds of his sale to pay the debt. The defendant then offered to prove by a witness, that he was to have the services of the slave free of hire. To this parol evidence the plaintiff objected, as the mortgage was silent on this subject; but the objection was overruled, and the plaintiff excepted. The admission of this parol evidence is the only error assigned in this court.

BUFORD, for plaintiff in error.
COCHRAN, *contra.*

DARGAN, C. J.—Although the general rule of law is, that the mortgagee in possession must account to the mortgagor for the rents or profits of the mortgaged property, yet we apprehend that there may be cases where the parties, by contract, may vary or change this rule, and thus relieve the mortgagee from accounting for the profits which he has, or might have received. This, I think, would have been the rule in the present case, if the contract of mortgage had shown

that the mortgagee was to receive the profits of the slave to his own use, in consideration of his becoming liable, as security for the plaintiff, to pay the purchase money agreed to be given for the slave. But the question before us is this, can parol proof be received to show that such were the terms of the contract? When parties have reduced their contract to writing, in terms clear and unambiguous, oral testimony cannot be received to contradict or vary the legal import of the contract. By reducing the contract to writing, the written instrument becomes the only evidence of the intention of the parties, and no other words or terms can be added to it by parol proof. This principle of law, time after time, has been announced by this court. Indeed, it is admitted by all; but the difficulty is, in making the application of the rule to every particular case; still, however, we must test each case by it, and if the parol proof is rejected by this rule, it cannot be admitted.

Now, the mortgage is silent as to that part of the contract, to establish which the defendant introduced parol evidence. It provides that the defendant shall have the possession of the slave until the debt was paid, and also authorizes him to sell the slave and pay the debt, if the plaintiff failed to pay; but it says nothing about the defendant's right to appropriate to himself the services of the slave until the debt was paid, in consideration of his becoming liable as security for the payment of the purchase money. As the instrument is silent on this subject, the legal construction of it is, that the defendant being a mortgagee only, he must account to the mortgagor for the hire of the slave; and to permit this legal construction to be altered, by proving another fact not written in the mortgage, would be to add to the written instrument by oral testimony, and thus to change its legal effect.

The decisions of this court clearly show that this cannot be done. Duff v. Ivey, 3 Stew. 140; Barrenger & Rhodes v. Sneed, ib. 201; Mead v. Steger, 5 Por. 498; Hall v. Moore, 5 Ala. 521; Long v. Davis, 18 Ala. 801.

The court erred in admitting the parol proof, and the judgment is reversed and the cause remanded.