# Alexander *v.* Hill.

*Bill in Equity by Heirs of Deceased Mortgagor, to set aside Sale under Power, and for Redemption.*

1. *Purchase by mortgagee at sale under power; remedy of mortgagor; limitation of suit.*—When a mortgagee purchases at his own sale under a power in the mortgage, not being authorized to do so, the mortgagor has a right of election, to be exercised within a reasonable time, either to affirm or disaffirm the sale, and, on disaffirmance, to redeem; and a reasonable time, under ordinary circumstances, is held to be two years, by analogy to the statute barring the statutory right of redemption after a valid foreclosure.

2. *Same; limitation as against infant heirs.*—The limitation in such cases resting on the presumption of *laches*, and not on statutory provision, it will not be extended to the infant heirs of the mortgagor, if he was dead at the time the sale was made, but they will be allowed two years after attaining their majority, provided the period is not extended beyond twenty years from the date of the sale. (Correcting second head-note to *Mewburn's Heirs v. Bass*, 82 Ala. 622.)

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 16th February, 1888, by George A. Alexander and others, children and heirs at law of Zeno Alexander, deceased, against Mrs. Fannie M. Hill and her husband, B. M. Hill; and sought to redeem two tracts of land, which complainants' ancestor had mortgaged to Mrs. Hill, and which she had sold under a power contained in the mortgage, becoming herself the purchaser. The mortgage was dated May 10th, 1875, and was given to secure the payment of two promissory notes; one of which was payable on the 1st January, 1876, and the other on the 1st January, 1877. One of the tracts of land was sold under the mortgage on the 20th February, 1876, and the other on or about the 8th February, 1877. Zeno Alexander died on the 18th July, 1876. Some of the heirs were adults when the bill was filed, but their names were struck out by amendment, leaving the minors as sole complainants. The defendants insisted that the right of action was barred by *laches*,

[Alexander v. Hill.]

staleness of demand, and the statute of limitations; and they set up this defense by demurrer, plea, and answer. The court sustained the demurrer, and dismissed the bill; and this decree is here assigned as error.

W. D. BULGER, for appellants, cited *Thomas v. Jones*, 84 Ala. 302; *Ezzell v. Watson,* 83 Ala. 120; *Greenwood v. Coleman*, 34 Ala. 150; *Taylor v. Forsey*, 56 Ala. 426; *James v. James*, 55 Ala. 525; *Riggs v. Fuller*, 54 Ala. 141; *Coyle v. Wilkins*, 57 Ala. 108; *Cooper v. Hornsby*, 71 Ala. 62; *Robinson v. Cullom & Co.*, 41 Ala. 693.

HEWITT, WALKER & PORTER, *contra*, cited *Comer v. Sheehan*, 74 Ala. 452; *Mewburn's Heirs v. Bass*, 82 Ala. 622.

McCLELLAN, J.—The purchase by a mortgagee at his own sale under a power, which did not authorize him to become the purchaser, "arms the mortgagor with the option, if expressed in a reasonable time, of affirming or disaffirming the sale;" and if he elects to disaffirm, he is entitled to redeem the land so sold from the mortgagee.—*Garland v. Watson*, 74 Ala. 324; *Harris v. Miller*, 71 Ala. 26; *Ezzell v. Watson*, 83 Ala. 120; *Knox v. Armistead*, 87 Ala. 511.

What is a reasonable time, within which to thus disaffirm such sale must ordinarily be availed of, has, by analogy to the statute giving that period to redeem after a valid foreclosure, been held to be two years from the date of sale. *Comer v. Sheehan*, 74 Ala. 452; *Ezzell v. Watson*, 83 Ala. 120.

Whether the fact that the party upon whom the right to disaffirm has devolved is an infant, should extend the time within which the sale may be avoided—that is, would make such an extraordinary case as would not fall within the rule limiting the exercise of the option to two years—has never been decided by this court. The second head-note in the case of *Mewburn's Heirs v. Bass*, 82 Ala. 622, stating that the exception in favor of infants, contained in the statute of limitations, did not apply to such a case, is not supported by the opinion; and moreover, the question was not involved in that case. Neither the statute of limitations, nor any exceptions provided for therein, have any bearing on the question. The limitation of two years, within which sales of the class under consideration must ordinarily be disaffirmed, is not a statutory, but a judicial limitation; it is not the result of legislative mandate, but of judicial opinion, that such period is

VOL. LXXXVIII.

[Alexander v. Hill.]

usually a reasonable time for the exercise of the option of affirmance or disaffirmance, with which a purchase by the mortgagee at his own sale arms the mortgagor. The basis of the doctrine is *laches*, and not staleness of demand. The sale cuts off the equity of redemption, as long as it is permitted to stand, but leaves in the mortgagor, and those claiming under him, the right to disaffirm it, and the consequent right to redeem upon such disaffirmance. But the law requires diligence of the mortgagor in the assertion of this right, and, in the absence of special circumstances, holds him to have waived the right, and to have affirmed the sale, unless he elects to the contrary within two years. The whole theory of the limitation, therefore, rests on the presumption of ratification after the lapse of two years *"in ordinary cases."* In extraordinary cases, cases involving peculiar circumstances, which rebut the presumption, it will not be indulged.

Instances may be readily imagined in which, for a want of knowledge on the part of the mortgagor that the mortgagee was the purchaser at his own sale, he could not be held to a ratification within two years; for it would be anomalous to a degree to hold him estopped by his non-action with respect to a state of facts, of the existence of which he was, without fault, wholly ignorant. And so, too, in cases in which the peculiar exigency is the legal capacity of the mortgagor, or those standing in his right, not only to know the facts, but also to act upon them if known, it is manifest the presumption of ratification can not be indulged. This class of cases embraces all persons not *sui juris*—as infants, idiots, lunaticts. Should an infant, or an idiot, or a lunatic, be held to know that a mortgagee of his lands has purchased at a sale under a power which did not authorize him to purchase, and be chargeable with *laches*, if he fails for two years to repudiate the transaction? Can a person not *sui juris*, wholly incapable of making or ratifying any contract, with certain exceptions based on principles having no application to contracts of this character, be held to be a binding and legal affirmance of a voidable act of his mortgagee, and this solely on the ground, that he, although legally incapable of exercising the option to affirm, has failed for two years to disaffirm the sale? We do not think so. We can conceive no state of facts which would authorize the presumption from mere lapse of time, short of twenty years, that a person not *sui juris* had ratified and affirmed a sale made under the circumstances shown in the present bill. Before such pre-

[Alexander v. Hill.]

sumption can be admitted, before the "ordinary case," referred to in our adjudications, is made out, it must appear that the person who has the option to affirm or disaffirm must, for two years, have been cognizant of the facts from which the option springs, and for a like period legally competent to make a binding election. This doctrine would allow infants two years after they attained full age to disaffirm such a sale, provided always that the period was not extended beyond twenty years from the date of sale.

This rule may work a hardship on mortgagees; but, after all, the hardship results from their own unauthorized acts, and not from the law. Moreover, we entertain no doubt of the right of the mortgagee, who has thus purchased at his own sale, to come into a court of equity at any time, by bill filed against the persons having the option of affirmance or disaffirmance, whether *sui juris* or not, and compelling an election and foreclosure of his mortgage, if the sale is disaffirmed. In such cases, the Chancery Court, by proper decree, is competent to make an election for infants, which will bind them, and give repose to title, just as the decree of that court in the present case, should complainants be held, on final hearing, entitled to relief, would bind them to an election which they could not otherwise have made.—*Goodman v. Winter*, 64 Ala. 410; *Robinson v. Robinson*, 19 Beav. 494; *In re Chisholm*, 31 Ch. D. 466, 472; *Starring v. Borren*, 55 Barb. 595; 1 Pom. Eq. Jur. § 509; 3 Pom. Eq. Jur. § 1176.

We need hardly say, that if, at the time of such sale, the person entitled to make the election is free from disability, the time in which the option is to be expressed will not be extended in favor of infants, who subsequently succeed to his right

This bill is filed by infant heirs of a mortgagor. Its purpose is to have a sale of the premises under the mortgage vacated, and redemption allowed, on the ground that the mortgagee purchased at the sale. Demurrers were filed, which set up *laches*, and the long delay of complainants in making their election to disaffirm. The City Court sustained these demurrers, and its decree in that behalf is alone assigned as error. It follows from the views we have expressed, that the decree in question must be reversed, and the cause remanded.