# Lovelace v. Hutchinson.

*Bill in Equity to redeem.*

1. *Mortgage; sale under power, full execution thereof; second sale derives no force from mortgage.*—A sale of land under the power contained in a mortgage, at which the mortgagee becomes a purchaser, is a full execution of the power of foreclosure of such mortgage; and a subsequent sale by the mortgagee of the same lands, purporting to be made under the power of sale contained in the same mortgage, derives no force as having been made under said mortgage, and must be considered as any other private sale.

2. *Same; purchase by mortgagee at sale under power; right of infant heirs to redeem; limitation.*—Where a mortgagee has purchased at his own sale under a power of sale contained in the mortgage, which did

27

[Lovelace v. Hutchinson.]

not authorize him to become the purchaser, the infant heirs of the mortgagor, who was dead at the time of the sale, may disaffirm the sale and redeem at any time within two years after attaining their majority, provided the period has not extended beyond twenty years from the date of the sale.

3. *Same; same; there must be a distinct averment of complainant's infancy.*—Where on a bill filed to redeem from such a sale, it appears that at the time the bill was filed one of the complainants had reached her majority, and there was nothing in the .bill to show when she became of age, the bill merely averring that she was a minor at the time of the sale, her right to redeem is presumptively barred.

4. *Same; same; mortgagee a trustee of rents and profits, and must apply them in extinguishment of mortgage debt.*—When a mortgagee purchases at his own sale under a power contained in the mortgage, which did not authorize him to become the purchaser, he receives the rents and profits as trustee of the mortgagor, and is bound to apply them in extinguishment of the mortgage debt.

5. *Same; same; necessary parties on bill to redeem.*—A testator, having mortgaged a certain tract of land, devised a portion of said land to J. for and during his life-time, with the remainder in fee to certain named persons, who were devisees of the balance of said tract. After the testator's death the mortgage was foreclosed, the mortgagee becoming the purchaser at his own sale, without being authorized to do so. After J.'s death, the devisees of the other portion of said tract of land, who were also the residuary devisees as to J.'s interest, filed a bill to disaffirm the sale under the mortgage and to redeem, and for an accounting of the rents and profits. *Held:* the administrator and heirs of J. were not necessary parties.

6. *When objection to statute of limitations raised by demurrer.*—When a cause of action stated in a bill in equity is, *prima facie*, within the bar of the statute of limitations, or offensive to the rules which courts of equity adopt for the discouragement of stale demands, objections to such bill on that ground may be taken by demurrer; and the defendant will not be put to plea or compelled to make special defenses by answer.

7. *Bill in equity; misjoinder of parties complainant.*—All the parties who join in a suit in equity must be entitled to recovery, in order to maintain a bill; and if one of them is without the right to relief, the misjoinder is fatal to the bill, and the only remedy to those entitled to relief is to amend by striking out the name of such party complainant.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed on October 26, 1891, by the appellees, Thomas Hill and Mary Gayles, by their next friend Herbert Hill, and Martha Hutchinson. The bill, as amended, averred the following facts; That

James Junkins, being possessed of certain property, to-wit, 173 acres of land, on January 9, 1874, executed a mortgage on said property to Crenshaw, Lovelace & Company; that on May 20, 1874, said James Junkins died, leaving a last will and testament. By his will, James Junkins devised a life estate in 80 acres of the lands conveyed in the mortgage to Crenshaw, Lovelace & Co., (which lands are the subject of the present controversy), to his brother, John Junkins, with a remainder in fee to Herbert, Martha, Sophia, Margaret and Mary Hill; and all the balance of said lands he devised to the above named Hills. Mary Hill married a man by the name of Gayles, and Martha Hill married one Hutchinson. Margaret and Sophia Hill died during their infancy, leaving no debts and leaving complainants as their heirs. After the death of James Junkins, Crenshaw, Lovelace & Co. foreclosed the mortgage executed to them by said Junkins by a sale under the power contained therein on January 15, 1875, at which sale the mortgagees, Crenshaw, Lovelace & Co., became the purchasers, and immediately took possession of the lands, and converted them to their own use. This mortgage did not give to the mortgagees the right to become the purchasers at the foreclosure sale. Crenshaw, Lovelace & Co. kept possession of said lands until the year 1876, when the firm was dissolved by Crenshaw retiring therefrom, and a new firm of J. B. & C. W. Lovelace succeeding to all the rights of the old firm in this property. The firm of J. B. & C. W. Lovelace held possession of these lands, received the rents and profits therefrom, until 1884, when they again sold the lands under the mortgage which had been executed by James Junkins to Crenshaw, Lovelace & Co. in 1874, and at said sale one George Hellen and Spencer Tabb became the purchasers for a recited consideration; but, in fact, no money was ever paid on such purchase, and the bill avers that the conveyance was void as to the complainants. On November 25, 1890, George Hellen and Spencer Tabb executed a deed conveying the same lands to D. J. Castleman, upon a recited consideration of a debt due from the grantors to said Castleman, and this deed, complainants aver, was fraudulent and void as to them. Hellen and Tabb paid rent on the lands to J. B. & C. W. Lovelace from the time they went into possession thereof until they sold the lands to

Castleman. The bill then avers that all of these transactions took place while the complainants were minors, having no guardian, and that they were informed of them only a short time before they filed the bill. It was further averred in said bill that upon a proper accounting being made, it would be ascertained that the mortgage debt originally due to Crenshaw, Lovelace & Co. had been paid from the rents and profits received by them while in possession of the lands ; and it then avers, in the event the debt had not been paid, that the complainants would pay the amount found to be due. It was stated in the bill that Herbert Hill does not join in the suit, it being admitted by him that his rights were 'barred by the statute of limitations.

The complainants prayed to have an accounting stated between them and J. B. & C. W. Lovelace ; that they be allowed to redeem said property by the payment of the amount found to be due to the mortgagees, if any debt was due them ; and that the conveyance from J. B. & C. W. Lovelace to Hellen and Tabb, and from Hellen and Tabb to Castleman be set aside as void as to the complainants.

The respondents demurred to the bill as amended, on the following grounds : 1st. It is shown that John Junkins was one of the devisees under the will, and that having died, neither his administrator nor heirs-at-law are made parties thereto. 2d. The bill shows that the complainants are not entitled to an accounting as to that part of the land devised to John Junkins, during his life time. 3d. The bill shows that the sale to Hellen and Tabb was made in compliance with the terms of the original mortgage, and fails to show that Hellen and Tabb had any notice of any alleged previous sale under the power contained in the mortgage. 4th. The bill shows that by the sale to Hellen and Tabb, and by them to Castleman, the title to said lands had passed out of the defendants, J. B. & C. W. Lovelace, and that the complainants are, therefore, not entitled to any accounting of the rents and profits of said lands. 5th. The complainants' demand is stale and barred by the statute of limitations, they having failed for a reasonable time to institute proceedings seeking the relief now prayed for.

Upon the submission of the cause upon the demurrers, the chancellor overruled said demurrers. His decree in

this behalf is appealed from, and the same is here as-
signed as error.

J. H. STEWART and THOMAS E. KNIGHT, for appellant.
1. The complainants in this case are not entitled to
relief unless they make a case which falls within the
class of cases which rebuts the ratification from the lapse
of time.—*Alexander v. Hall*, 88 Ala. 487; *Mewburn's Heir
v. Bass*, 82 Ala. 622; *Woodstock Iron Co. v. Fullenwider*,
87 Ala. 584; *Pickett v. Pope*, 74 Ala. 122; 3 Pom. Eq.
Jur., §§ 1220, 1398, 1399, note 4; *Greenlees v. Greenlees*.
62 Ala. 330; *Ezell v. Watson*, 83 Ala. 120; *Conner v. Shee-
han*, 74 Ala. 452; 1 Brick. Dig., 699, § 859.
2. The bill was faulty in making neither the admin-
istrator nor the heirs of Junkins parties to the suit.—
*Duval v. McLoskey*, 1 Ala. 708; Story's Eq. Pl., 177;
*Pickett v. Pope*, 74 Ala. 122; Tiedeman on Real Property,
§ 400; 2 Washb. on Real Property, § 555; *Word v.
Word*, 90 Ala. 81; *Wilkinson v. May*, 69 Ala. 33; *Aber-
nathy v. Moses*, 73 Ala. 381; *Daniel v. Stough*, 73 Ala. 379;
3 Brick. Dig., 382, § 2.
3. The claim in this case was stale, and, therefore,
the bill could not be sustained.—*Greenlees v. Greenlees*,
62 Ala. 330; *Alexander v. Hill*, 88 Ala. 487; *Comer v.
Sheehan*, 74 Ala. 452; *Ezell v. Watson*, 83 Ala. 120; 1
Brick. Dig. 699, § 859.

SEAY & DEGRAFFENRIED and W. W. LAVENDER, con-
*tra.*—1. The sale made by the mortgagees in January,
1875, was a full execution of the power and of course the
mortgagees could not again sell under the power. "The
sale of land under power in the mortgage by the mort-
gagee, at which the mortgagee becomes the purchaser,
is binding on the mortgagee, and can only be disaffirmed
at the election of the mortgagor or those claiming under
him."—*Harris v. Miller*, 71 Ala. 26; 3 Brick. Dig. 657,
§§ 347, 361. The mortgagee is bound by such sale.—
*McHan v. Ordway*, 76 Ala. 347; *McLean v. Presley*, 56 Ala.
211; *Jones v. Anderson*, 82 Ala. 302.
2. The heirs of the mortgagee were entitled to dis-
affirm the sale and to have an accounting and to be let
in to redeem.—*McCall v. Mash*, 89 Ala. 487; *Thomas v.
Jones*, 84 Ala. 302; *Blum v. Mitchell*, 59 Ala. 535; 3 Brick.
Dig., 649.

[Lovelace v. Hutchinson.]

HARALSON, J.—1. The bill shows that James Junkins, the mortgagor, died testate in the year 1874, having previously, on the 9th of January, 1874, executed and delivered a mortgage on his lands and personal property to Crenshaw, Lovelace & Co.; and after his death, the mortgagees having advertised the property for sale, sold it under their mortgage, on the 15th January, 1875, and themselves became the purchasers thereof, and immediately took and retained possession of it, receiving rents and profits therefrom; that Crenshaw retired from said firm, and J. B. and C. W. Lovelace succeeded to all his rights and interests in said partnership, and that in the year 1884, the said J. B. and C. W. Lovelace conveyed the lands to George Hellen and Spencer Tabb, for a recited consideration of $800. A copy of the deed is attached to the bill, and recites a sale made as for the foreclosure of said mortgage. The sale made by the mortgagees in January, 1875, was a full execution of the power of foreclosure of the mortgage, and the mortgagees could not again sell under the same power; so that, the sale to Hellen and Tabb in 1884, derived no force as having been made under said mortgage, and was no more than any other private sale.—*Harris v. Miller*, 71 Ala. 27; *Comer v. Sheehan*, 74 Ala. 452.

2. Where a mortgagee purchases at his own sale, without the consent of the mortgagor, or not being authorized by the terms of the mortgage, the mortgagor, or persons claiming under him in privity, may disaffirm the sale and redeem; the election to do so being seasonably expressed.—*American F. L. M. Co. v. Sewell*, 92 Ala. 163; *McCall v. Mash*, 89 Ala. 488; *Thomas v. Jones*, 84 Ala. 302. As to them, in such case, until barred of their election to redeem, the mortgage has not been absolutely and finally foreclosed, and the mortgagor, or those succeeding to his estate, continue, in contemplation of equity, to be the real owners of the fee. From this theory, indulged by courts of equity, results the principle, ''that a mortgagee who comes into the possession of the property mortgaged, whether before or after default in the payment of the mortgage debt, and before the mortgage has been foreclosed, is a trustee of the mortgagor of the rents and profits, and is bound to apply them in extinguishment of a mortgage debt.''—*Davis v.*

*Lassiter*, 20 Ala. 561; *Blum v. Mitchell*, 59 Ala. 538; *Toomer v. Randolph*, 60 Ala. 360.

3. The bill alleges, that the conveyance by said J. B. and C. W. Lovelace to said Hellen and Tabb, was made without any consideration; that for all the time they remained in possession of the lands they paid rents to said J. B. and C. W. Lovelace, and that said deed to them is fraudulent and void, as against complainants. It is further averred, that Hellen and Tabb, on the 25th of September, 1890, conveyed said lands to D. J. Castleman, for a recited consideration of a past due debt, and it is averred further that no consideration passed at all, from the grantee to the said grantors, and that said deed is fraudulent and void as to complainants. If these averments are true, these conveyances do not stand in the way of the redemption of said lands by complainants.

4. Nor is the ground of demurrer, that the administrator and heirs of John Junkins are not made parties to the bill of any avail. Redemption is sought of other lands, besides the eighty acres devised by the testator, James Junkins, to him,—there being 173 acres in all. Besides, the eighty acres were devised to said John Junkins for and during his lifetime, only, and afterwards, to complainants, or to the same devisees to whom the remainder of the 173 acres were devised. Complainants have nothing to do with the administrator or heirs of John Junkins, in respect to any interest they may be able to assert or maintain for rents and profits of said eighty acres, devised to said John Junkins during his life. Complainants are certainly entitled to rents of the eighty acres, after his death, while the land was in the possession of said Lovelaces.

5. The case of *Alexander v. Hill*, 88 Ala. 487, settles the rights of such of the complainants as were minors to file this bill. They claim as devisees of said James Junkins. No presumption from mere lapse of time, short of twenty years can be indulged, that complainants—except Martha Hutchinson—who were not *sui juris*, had ratified and affirmed a sale made under the circumstances shown in this bill. The ages of all the complainants, except that of Mrs. Hutchinson are stated, and as to her age, there is no information given, further than that she was over twenty-one, at the date of the filing of the bill. The will of James Junkins was executed the

[Lovelace v. Hutchinson.]

9th day of January, 1874, and she is named with complainants, as a devisee therein, and of these lands. The bill appears to have been filed, 26th October, 1891. Herbert Hill, one of the original devisees, is not made a party, because, as stated, he is barred by the statute of limitation. Martha's name is mentioned in the will, next after Herbert's. If she had two years after her majority, and before the institution of this suit, within which to disaffirm the sale under said mortgage, she was barred as to her right to redeem, and ought not to have been made a party complainant. It became her, under the circumstances, to show that she was not guilty of *laches* in bringing the suit. The only attempt to do so, is in the general allegation as to all the complainants, that at the time of the transactions referred to in the bill, in 1874-5, they were minors of tender years, without any regular guardian to look after their affairs and interests, and that they had no knowledge of the same until only recently, when they made inquiry of friends, who informed them of the facts set forth in the bill. This is not sufficient. It is not an averment that she was an infant at a later date than that transaction occurred. Such an averment standing alone and unaided, would not convey the idea that she remained an infant up to any particular date. Averment and proof of the fact of infancy at a particular date will not authorize the presumption of a continuous state of infancy at a later date. Age changes at every moment of succeeding time. For aught appearing, she may have been twenty-one for more than two years, when this suit was instituted.

The rule is well settled, that if the case stated in a bill is *prima facie* within the bar of the statute of limitations, or offensive to the peculiar rules which a court of equity adopts for the discouragement of stale demands, objection on that ground may be taken by demurrer. The complainant, Martha Hutchinson, then, has not brought herself within the principles on which the right to relief is founded.—*James v. James*, 55 Ala. 533; 3 Brick. Dig., 366, § 468. The rule is also recognized, in equity as at law, that all the parties who join in a suit must be entitled to recover, or none can. If any one of the plaintiffs is incompetent to sue, the only remedy of the parties plaintiff in such a case is to

amend by striking out the name of the one who had no cause of action.—*McLeod v. McLeod,* 72 Ala. 45 ; *Taylor v. Robinson,* 69 Ala. 269 ; *Hutton v. Williams,* 60 Ala. 107 ; *James v. James,* 55 Ala. 533 ; *Hardeman v. Sims,* 3 Ala. 747.

There was no error in overruling the demurrer on any of the grounds, except in the matter of *laches* as applicable to Mrs. Martha Hutchinson, and for this the decree of the court must be reversed.

Reversed and remanded.