# Mayer *v.* Kornegay, *et al.*

*Ejectment.*

(Decided Nov. 10, 1909.—50 South. 880.)

1. *Executors and Administrators; Ejectment by; Lands of Intestate.*—In certain cases provided by statute an administrator may maintain ejectment against the heirs or strangers to recover the estate land, but only when it is necessary for the purposes of administration.

2. *Same; Rights and Powers; Lands of Intestate.*—An administrator has no estate in or title to the lands of his intestate, but has the right and power given exclusively by statute to intercept the

rents for certain purposes in certain cases, and to recover the land for this purpose, and to sell it if necessary to pay the decedent's debts, and in certain cases, he may sell it for division or distribution among the heirs.

3. *Same; Right to Recover.*—The heirs being the legal owners an administrator cannot recover the lands of his intestate from the heirs without showing the necessity or the contingency or the happening of the event on account of which the statute authorizes him to maintain such action.

4. *Same; Assumption of Control; Trespass.*—An administrator is a trespasser against the heirs whenever he attempts to assume control of the lands of his intestate without the necessity or contingency therefor provided by the statute.

5. *Same; Debts of Decedent; Charge Upon the Land.*—The debts of a decedent are not necessarily a charge upon the land, since they may be barred by limitation, or the land may be exempt from debt, and debts to be a charge upon the land must have been incurred by the decedent and be in excess of the value of the personal property; debts incurred by the administrator are never charges upon the land of his intestate.

6. *Same; How Paid; Burden of Proof.*—The burden is upon the administrator to show a necessity for applying the lands of his intestate to the payments of the debts, or to bring him within the conditions or provisions of the statute; lands cannot be applied to such debt if the personal property is sufficient to pay them.

7. *Same; Probate Court; Jurisdiction; Judgment.*—The judgment and decrees of the probate court, if not appealed from, are final and conclusive that certain debts were not a charge upon the lands of a decedent and that a sale was not necessary, the probate court having competent and full jurisdiction of such matter.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Morris Mayer, as administrator of Allen Kornegay and Thornton Kornegay and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The following is the agreed statement of facts: That Morris Mayer duly qualified as the administrator of Allen Kornegay, and letters of administration were duly issued to him out of the probate court of Marengo county, Ala., on the 30th day of June, 1896. That Allen Kornegay died seised and possessed of, and was the owner of, the lands sued for in the complaint. That said Morris Mayer has made no settlement of his ad-

ministration, and that said Allen Kornegay's estate
owes debts. That the defendants are heirs at law of
said Allen Kornegay. That the following named per-
sons are the heirs at law, and the only heirs at
law, of the said Allen Kornegay, and that they
are joint owners or tenants in common of the
lands described in the complaint, and own interests.
therein as follows: Thornton Kornegay, over 21 years;
of age, and owns an undivided one-sixth interest in said
land; Polly Kornegay, over 21 years, and owns one-
sixth undivided interest; Julia Kornegay, over 21, and
owns one-sixth undivided interest; Eveline Kornegay,.
of full age, but of unsound mind, and owns one-sixth
undivided interest; Eliza Allen, over 21, and owns one-
sixth undivided interest; Eliza Kornegay, over 21, and
owns one-twelfth undivided interest; Cheney Korne-
gay, over 21, and owns one-twelfth undivided interest.
That it has been regularly adjudicated on a petition by
plaintiff, to which defendants were parties, by the pro-
bate court of Marengo county, Ala., that said lands
could not be subjected to the payment of debts of the
estate of Allen Kornegay, and that no new debts have
arisen since the adjudication. That none of said heirs
of Allen Kornegay have requested or desired any par-
tition of said lands, or any sale of them for division
among the heirs. That said estate of Allen Kornegay
is ripe for a final settlement, except that there are cer-
tain alleged debts due by it, being the same debts as to
which the probate court has regularly held in a proper
proceeding that said lands could not be sold to pay
them. That said Morris Mayer has no right, title, or
interest in said lands, except as administrator, and no
right to recover the same, except for the purposes of
administration, if any such there be.

TAYLOR & HEARING, and C. K. ABRAHAM, for appellant.—In the absence of any proof on the subject, the bringing of a suit raises the presumption that there was a deficiency in the personal estate and that it was necessary to sell the land for the payment of debt.—*Banks v. Speer*, 97 Ala. 560. The administrator has a right to recover possession of the real estate of his intestate regardless of whether the recovery is intended for the purpose of distribution or the payment of debt.—*Moragne v. Doe, et al.*, 143 Ala 459; *Pendler v. Madison*, 83 Ala. 484; *Morgan v. Casey*, 73 Ala. 222. The right of the heir or devisee yields to the right of the personal representative whenever he elects to assert it.—*Landford v. Duncan*, 71 Ala. 594.

J. M. MILLER, and deGRAFFENREID & EVINS, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—This is a statutory action in the nature of an action of ejectment, brought by appellant, as administrator, against appellees, the heirs of the intestate, to recover the lands of such intestate. The case was tried by the court without a jury on an agreed statement of facts, which the reporter will set out in the report of this case. The court rendered judgment for the heirs, and against the personal representative. From that judgment the administrator appeals.

An administrator may, in certain cases, as provided by statute, maintain ejectment against the heirs or strangers to recover the lands of his intestate. However, he can only maintain such action when necessary for the purpose of administration. He can only recover against the heirs by showing the necessity, and such state of facts as is provided by statute. He has no estate in or title to the lands. He only has the right and pow-

[Mayer v. Kornegay, et al.]

er, given exclusively by statute, to intercept the rents in certain cases for certain purposes, and to recover the lands for this purpose, and to sell the same if necessary to pay debts of decedent, or he may, in certain cases, sell for distribution among the heirs. He cannot recover the lands from the heirs, who are the legal owners, whatever may be his rights as against strangers, without showing the necessity, or the contingency, or the happening of the event for which the statute authorizes him to maintain such action. Without this necessity or contingency provided for, he is a trespasser as against the heirs in attempting to assume to control the lands.

Debts of the decedent are not necessarily a charge upon the lands. The debts may be barred by the statute of limitations, or the lands may be exempt from such debts. The debts contracted by the administrator are never a charge upon the lands. They must be debts incurred by the decedent, and they must be in excess of the value of the personal property. The lands cannot be applied to the debts of the decedent so long as there is personal property sufficient to pay the debts.

The burden of proof is upon the administrator to show the necessity, or to bring himself within the conditions or provisions of the statute. While it is shown by the statement of facts that "the estate of decedent owes debts," it is not shown that the debts are such as to be a charge upon the lands. They may have been incurred by the administrator, or may be barred by the statute of limitations. It is not shown that they are a charge upon the lands.

It also appears that it had been already judicially determined by the probate court of the proper county that these debts were not a charge upon the lands; that the lands could not be sold for the purpose of paying

the debts. The probate court, for this purpose, is one of competent and full jurisdiction, and its judgments or decrees on this subject, if not appealed from, are final and conclusive as to this question.

All the questions involved in this case are discussed and decided in the cases of *Lee v. Downey,* 68 Ala. 101; *Banks v. Speers,* 103 Ala. 444, 16 South. 25, and *Owens v. Childs,* 58 Ala. 113. On these authorities, and what is said above, the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.